IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONDA W.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 11051 |
| v. | ) |
| | ) Magistrate Judge |
| FRANK BISIGNANO, | ) Daniel P. McLaughlin |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Ronda W.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary remand [17] is granted, and the Commissioner's cross-motion for summary judgment [20] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Frank Bisignano has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On February 13, 2022, Plaintiff filed a claim for DIB, alleging disability since June 11, 2021. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). An ALJ held an online video hearing on November 30, 2023. Plaintiff chose to appear and testify without the assistance of an attorney or other representative. A vocational expert ("VE") and Plaintiff's psychotherapist also testified.

On April 4, 2024, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 11, 2021. At step two, the ALJ concluded that Plaintiff had the following severe impairments: cervical spine radiculopathy; myofascial pain disorder; obesity; and depression. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; is able to stand and/or walk for a total of about 6 out of 8 hours; is able to sit for a total of about 6 out of 8 hours; can occasionally climb ramps and stairs, and can occasionally stoop, kneel, balance, crouch, and crawl, but can never climb ladders, ropes, or scaffolds; is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working at unprotected heights, and should avoid concentrated exposure to unguarded hazardous machinery; can understand, remember, and carry out simple instructions; can use judgment to make simple work-related decisions; can tolerate occasional interactions with supervisors and coworkers; can tolerate no interactions with the general public; cannot perform work requiring a specific production rate such as assembly line work, but can tolerate end of day quotas; and can deal with occasional changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as an auditor clerk, bookkeeper, or office manager. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

**DISCUSSION**

I. **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

4

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow

5

. . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ failed to fulfill his heightened duty to develop the record; (2) the ALJ's RFC assessment failed to account for all of Plaintiff's functional limitations; and (3) the ALJ failed to properly analyze Plaintiff's subjective symptoms.

Plaintiff first argues that "[t]he ALJ failed to fulfill his 'heightened' duty to develop the record where he failed to ask [Plaintiff's psychotherapist] for a medical opinion regarding [Plaintiff's] impairment-related functional limitations." ([17] at 7-9.) Pertinent to that assertion, an ALJ has a duty to develop a full and fair record even if a claimant is represented by counsel. *See Smith v. Apfel*, 231 F.3d 433, 437

6

(7th Cir. 2000). However, "[t]his duty is enhanced when a claimant appears without counsel; then the ALJ must scrupulously and conscientiously [ ] probe into, inquire of, and explore for all relevant facts." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (internal quotes and citation omitted). "Although *pro se* litigants must furnish some medical evidence to support their claim . . . the ALJ is required to supplement the record, as necessary, by asking detailed questions, ordering additional examinations, and contacting treating physicians and medical sources to request additional records and information." *Id.* (citations omitted).

      In this case, as noted above, Plaintiff was not represented at the hearing. Defendant concedes – as he must – that "an ALJ has an enhanced heightened duty to develop the record where, as here, the claimant is unrepresented at the administrative level." ([20] at 10.) Plaintiff's psychotherapist, Michelle Potter, LCPC, appeared and testified at the hearing. Per the authority cited above, the ALJ was obligated to ask detailed questions and probe into all relevant evidence in relation to Counselor Potter's testimony. The ALJ did not do that. Instead, in his own words, the ALJ "just turn[ed] things over to [Counsel Potter] to present what [she] wish[ed] to say." (R. 67.) In that way – despite having the "perfect opportunity" at the hearing – the ALJ asked Counsel Potter no specific questions about Plaintiff's impairment-related functional limitations. Contrary to Defendant's suggestion, it was not incumbent upon Counselor Potter or Plaintiff to understand exactly which issues should be presented at the hearing. As such, the Court concludes that ALJ failed to satisfy his heightened duty to develop the record and remand is required as

7

a result. *See Sanders v. Colvin*, No. 13 C 8658, 2015 U.S. Dist. LEXIS 37060, at *18-19 (N.D. Ill. Mar. 24, 2015).

Plaintiff also argues that the ALJ failed to properly analyze her subjective symptoms. ([17] at 12-15.) Plaintiff contends in particular that the ALJ erroneously relied on the "nonspecific" nature of her symptoms in discounting her allegations. Pertinent to that assertion, in finding that Plaintiff was not as limited as alleged, the ALJ mentioned multiple times in his decision that Plaintiff's providers indicated that her "symptoms were fairly nonspecific." (R. 35-36, 39.) It is apparent that the ALJ misunderstood the meaning of the term "nonspecific" in the medical context. As Plaintiff points out, "nonspecific" pain is a term of art in medicine that simply means the pain "cannot be confidently accounted for by another diagnosis such as an underlying disease, pathology or tissue damage." ([17] at 13 (citation omitted).) It is not, as the ALJ implied, a pejorative term used to convey suspicion or doubt about a patient's pain. The ALJ's misunderstanding of the term "nonspecific" undermines his credibility analysis. *See Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("The administrative law judge also misunderstood the medical term 'nonspecific' to mean unbelievable rather than not clearly related to a particular disease. Sarchet's puffy legs, for example, could have been the result of any one of several different conditions. That doesn't mean she doesn't have puffy legs.").

In advancing her symptoms-based arguments, Plaintiff additionally contends that the ALJ improperly considered certain caregiving activities she performed in a discrete timeframe. Pertinent to that assertion, in finding Plaintiff not more than

moderately limited with respect to understanding, remembering, or applying information, concentrating, persisting, or maintaining pace, and adapting or managing oneself, the ALJ reasoned that Plaintiff was able to "care for her mother-in-law after surgery." (R. 28-30.) Pointing to the same activities, the ALJ also found Plaintiff not as limited as alleged because Plaintiff spent "three weeks helping her mother-in-law after surgery because she did not want to go into rehab." (*Id.* at 37.) Importantly, however, Plaintiff reported that while she was caring for her mother-in-law she "did a lot more than her physical abilities" and did "a lot of lifting and moving that [she] shouldn't have been doing." (*Id.* at 832.) Plaintiff further reported that following her caregiving activities she had, *inter alia*, a "horrible" range of motion in her shoulders and "difficult[y] reaching forward and backwards while toileting." (*Id.*)

The Court agrees with Plaintiff that engaging in ill-advised caregiving activities due to familial obligations does not provide a basis to invalidate Plaintiff's alleged limitations in this case. *See Scrogham v. Colvin*, 765 F.3d 685, 700 (7th Cir. 2014) ("[A]t least one of the activities was a precipitating event that led to one of Mr. Scrogham's doctor's visits. Surely, this type of ill-advised activity cannot support a conclusion that Mr. Scrogham was capable of performing full-time work."). The flaws in the ALJ's symptoms analysis provide additional reasons this matter must be remanded. *See Ghiselli v. Colvin*, 837 F.3d 771, 778–79 (7th Cir. 2016) ("As the main factors identified by the ALJ as informing his negative assessment of Ghiselli's credibility were either improperly analyzed or unsupported

9

by substantial evidence, the determination itself must be considered patently wrong.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the record is adequately developed, all of Plaintiff's functional limitations are accounted for, and Plaintiff's subjective symptoms are properly assessed.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary remand [17] is granted, and the Commissioner's cross-motion for summary judgment [20] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**　　　　　　　　　　**ENTERED:**

**DATE:　June 16, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**